IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ACE AMERICAN INSURANCE CO.,    :
et al.,
                               :
     Plaintiff,
                               :
v.                                      Civil Action No. GLR-11-3150
                               :
MCDONALD'S CORP.,
                               :
     Defendant.
                               :

## MEMORANDUM OPINION

THIS MATTER is before the Court on McDonald's Corporation's ("McDonald's") Motion to Strike Plaintiffs' Ace American Insurance Co. ("Ace American") Rule 26(a)(2) Disclosures. (ECF No. 13).  This is a negligence and liability case involving the extent to which McDonald's is liable for Plaintiff Diane Hines' injuries, which allegedly occurred after Ms. Hines slipped and fell while inside McDonald's.  The issues before the Court are: (1) whether Ace American's Rule 26(a)(2) disclosures were untimely; (2) whether Ace American's Rule 26(a)(2) disclosures were not in compliance with Rule 26(a)(2)(B) and Rule 26(a)(2)(C); and (3) whether the Court should grant McDonald's Motion to Strike Ace American's Rule 26(a)(2) Disclosures because they were untimely and incomplete.  The Court concludes that: (1) Ace American's disclosures were untimely; (2) Ace

American's Rule 26(a)(2) disclosures were in non-compliance with Rule 26(a)(2)(B) and (C); and (3) while Ace American's Rule 26(a)(2) disclosures were untimely and in non-compliance, the failed disclosures are substantially justified or harmless under Rule 37(c)(1).    Accordingly, for the reasons outlined in specific detail below, the Court denies McDonald's Motion to Strike Ace American's Rule 26(a)(2) Disclosures, and orders Ace American to timely file an appropriate supplemental Rule 26(a)(2)(C) disclosure consistent with the Rule within seven days of this order.

## I. BACKGROUND

This negligence and premises liability case involves the extent of McDonald's liability for the alleged injury of Plaintiff Diane Hines.   According to the Complaint, Ms. Hines is an employee of Dunbar Armored, Inc. ("Dunbar") and is covered by Ace American Insurance.   While making a pick-up for Dunbar at McDonald's, Ms. Hines slipped and fell on grease left on the floor of McDonald's premises.   (Compl. ¶ 10, ECF No. 2).   The complaint, filed on November 4, 2011, centers on McDonald's failure to perform its duty of ordinary and reasonable care to maintain safe premises that are free of hazards or to warn Ms. Hines of the dangerous condition.   (Compl. ¶ 17).   As a result of McDonald's alleged breach, Ms. Hines sustained injuries. (Compl. ¶ 18).   Ace American and Dunbar have paid and provided

worker's compensation benefits to Ms. Hines, and seek judgment in the amount of $500,000 against McDonald's, plus costs of proceedings, interest, and attorney's fees.  (Compl. ¶ 18).

The initial Scheduling Order dated November 10, 2011, (ECF No. 8), was modified on November 23, 2011.  (ECF No. 10). According to the modified Scheduling Order, the deadline for preliminary discovery, which would include written discovery and deposition of fact witnesses, is July 27, 2012.  (Ct. Mem. To Counsel 1, Nov. 23, 2011, ECF No. 10).  Ace American's Rule 26(a)(2) disclosures were due on May 9, 2012.  (Ct. Mem. To Counsel 2, Nov. 23, 2011).  Ace American did not provide Rule 26(a)(2) disclosures until May 14, 2012.  (Def.'s Mot. Strike ¶ 1, ECF No. 13; Pls.' Resp. Opp'n ¶ 4, ECF No. 14).  In those disclosures, Ace American did not provide expert reports and only disclosed the names and addresses of Ms. Hines' treating physicians.  (Def.'s Mot. Strike ¶¶ 5-6; Pls.' Resp. Opp'n, Ex. B).

McDonald's filed a Motion to Strike Plaintiffs' Rule 26(a)(2) Disclosures for failure to comply with the requirements of Rule 26(a)(2)(B) and Rule 26(a)(2)(C).  (Def.'s Mot. Strike ¶¶ 5-6).  In response, Ace American stated that it decided not to utilize a liability expert and that "[a]ll of the experts identified in Plaintiffs' expert disclosure are Plaintiff Diane Hines' treating physicians . . . and are not required to be

identified as expert witnesses pursuant to Rule 26(a)(2)."
(Pls.' Resp. Opp'n ¶ 5).   McDonald's' Motion to Strike Ace
American's Rule 26(a)(2)Disclosures is now before the Court for
consideration.

## II. DISCUSSION

### A. <u>Standard of Review</u>

Federal Rule of Civil Procedure 26(a)(2)(A) requires
litigants to disclose "the identity of any witness [they] may
use at trial to present evidence under Federal Rule of Evidence
702, 703, or 705."   Fed.R.Civ.P. 26.   Rule 26(a)(2)(B) further
requires litigants to produce written reports for any witness
who is "retained or specially employed to provide expert
testimony in the case" or "whose duties as the party's employee
regularly involve giving expert testimony."   Those reports must
include:

> (i) a complete statement of all opinions the witness
> will express and the basis and reasons for them; (ii)
> the facts or data considered by the witness in forming
> them; (iii) any exhibits that will be used to
> summarize or support them; (iv) the witness's
> qualifications, including a list of all publications
> authored in the previous 10 years; (v) a list of all
> other cases in which, during the previous 4 years, the
> witness testified as an expert at trial or by
> deposition; and (vi) a statement of the compensation
> to be paid for the study and testimony in the case.

Fed.R.Civ.P. 26(a)(2)(B).

Rule 26(a)(2)(C), while less onerous, requires that the
disclosure of witnesses who do not need to provide a written

report must provide: "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed.R.Civ.P. 26(a)(2)(C).

Rule 37(c)(1) "gives teeth" to the Rule 26(a)(2) requirements by "forbidding a party's use of improperly disclosed information at a trial, at a hearing, or on a motion, unless the party's failure to disclose is substantially justified or harmless." Tokai Corp. v. Easton Enterprises, 632 F.3d 1358, 1365 (Fed. Cir. 2011) (citing Yeti By Molly Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001)) (internal quotations omitted). In determining whether a party's failure to disclose was substantially justified or harmless, this Court is guided by consideration of five factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence. Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003). The party facing sanctions bears the burden of establishing that its

5

omission was justified or harmless.   <u>Carr v. Deeds</u>, 453 F.3d 593, 602 (4th Cir. 2006).

Because a party's failure to make the disclosures required by Rule 26(a)(2) "unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case," a district court has "particularly wide latitude" to order sanctions under Rule 37(c)(1).  <u>Id.</u> at 604.

**B. <u>Analysis</u>**

     1. <u>Ace American's Rule 26 (a)(2) Disclosures Were Untimely</u>

Ace American's Rule 26(a)(2) disclosures were untimely because they were filed four days after the deadline stated on the Court's Scheduling Order.   Regarding the timeliness to disclose expert testimony, Rule 26 states: "A party must make these disclosures at the times and in the sequence that the court orders."   Fed.R.Civ.P. 26(a)(2)(D).   The extent of the disclosure required under Rule 26 (a)(2) depends on whether the witnesses are expert witnesses "retained or specially employed to provide expert testimony" or whether the witnesses are "hybrid fact/expert witness pursuant to Fed. R. Civ. P. 26(a)(2)(A)."   MD R USDCT CIV Rule 104.10; <u>Fields v. Allstate Corp.</u>, CIV.A. CBD-11-653, 2012 WL 1792639 at *2 (D. Md. May 15, 2012).   Experts that are specially retained are governed by Rule

6

26(a)(2)(B), while hybrid witnesses such as treating physicians are governed by Rule 26(a)(2)(C).   Fed.R.Civ.P.26; MD R USDCT CIV Rule 104.10; Fields, 2012 WL 1792639 at *2.

Here, the Court's Scheduling Order clearly indicated that Ace American's Rule 26(a)(2) disclosures were required by May 9, 2012.   (Ct. Mem. To Counsel 2, Nov. 23, 2011).   Ace American's disclosures, however, were emailed to McDonald's on May 14, 2012.   (Def.'s Mot. Strike ¶ 1; Pls.' Resp. Opp'n ¶ 4). Although Ace American contends that their Rule 26(a)(2) disclosure was not untimely because they were not required to identify hybrid witnesses pursuant to Rule 26(a)(2), Ace American is incorrect.   See Fed.R.Civ.P.26; MD R USDCT CIV R 104.10.   Pursuant to Rule 26(a)(2)(C), Ace American was required to disclose the identity of its hybrid fact/expert witnesses as well as provide the additional information indicated in Rule 26(a)(2)(C).   The disclosure of the treating physicians is required under Rule 26(a)(2)(C).   Thus, even though Ace American only identified treating physicians, Ace American untimely submitted its Rule 26(a)(2) disclosures on May 14, 2012.

2. While Ace American's Rule 26 (a)(2)(B) Disclosures Were Complete, Their Rule 26(a)(2)(C) Disclosures Were Incomplete

Ace American's Rule 26(a)(2)(B) disclosures were complete because Ace American was not required to provide a comprehensive report for Ms. Hines' treating physicians.   Ace American's Rule

26(a)(2)(C) disclosures were incomplete, however, because Ace American was required to provide a summary of the facts and opinions to which the treating physicians listed were to testify.

Rule 26(a)(2) requires two types of disclosures, the distinction of which is critical but often overlooked: "(1) disclosure of the identity of *any* witness who may provide opinion testimony at trial in accordance with Fed. R. Evid. 702, 703, and 705; and (2) the far more comprehensive written and signed report which Rule 26(a)(2)(B) requires for 'a witness who is retained or specially employed to provide expert testimony . . . .'" Sullivan v. Glock, Inc., 175 F.R.D. 497, 500 (D. Md. 1997)(emphasis in original). Rule 26(a)(2)(A) applies to hybrid fact/expert witnesses. Id. Treating physicians are recognized as hybrid fact/expert witnesses and, generally, are not required to provide a Rule 26(a)(2) expert report. Id.; Kristensen ex rel. Kristensen v. Spotnitz, No. 3:09-cv-00084, 2011 WL 5320686 at *1 (W.D. Va. June 3, 2011). Since December 2010, however, Rule 26(a)(2)(C) requires that disclosure of hybrid fact/expert witnesses must include more than mere identification. Mezu v. Morgan State Univ., 269 F.R.D. 565, 581 n.15 (D. Md. 2010); Kristensen, 2011 WL 5320686 at *2. Rule 26(a)(2)(C) expanded "the disclosures required for Rule 26(a)(2)(A) witnesses to include a disclosure of 'the subject matter on which the witness

is expected to present evidence under Federal Rule of Evidence 702, 703, or 705,' as well as 'a summary of the facts and opinions to which the witness is expected to testify.'" Mezu, 269 F.R.D. at 581 n.15 (internal citation omitted).

Ace American's Rule 26(a)(2)(B) disclosures were complete because Ace American did not retain a liability expert and plans to utilize only hybrid fact/expert witnesses that are exempt from Rule 26(a)(2)(B).  McDonald's argues that Ace American did not identify which of the persons listed on Ace American's Rule 26(a)(2) disclosures were treating physicians.  (Def.'s Mot. Strike ¶ 5).  Ace American's Rule 26(a)(2) disclosure, however, stated that "[t]hese treating physicians may include, but are not limited to, the following . . . ," and then proceeded to list Ms. Hines' treating physicians. (Pls.' Resp. Opp'n, Ex. B). All of Ms. Hines' treating physicians are hybrid fact/expert witnesses that are exempt from the reporting requirements under Rule 26(a)(2)(B).   See  Fed.R.Civ.P.26; MD R USDCT CIV Rule 104.10.   Additionally, Ace American's response indicated that Ace American decided not to use a liability expert.  Thus, Ace American complied with Rule 26(a)(2)(B) because Ace American had no experts that needed to be disclosed under Rule 26(a)(2)(B).

Even though Ace American complied with the requirement of Rule 26(a)(2)(B), Ace American's Rule 26(a)(2) disclosures were incomplete because Ace American failed to provide a summary of

the facts and opinions to which the treating physicians listed were to testify.  Ace American argues that "all of the experts identified in Plaintiffs' expert disclosure are . . . treating physicians . . . and are not required to be identified as expert witnesses pursuant to Rule 26(a)(2)."  (Pls.' Resp. Opp'n ¶ 5). This is incorrect.  Ace American misinterprets the requirements under Federal Rule 26 and Local Rule 104.10.  While treating physicians are hybrid fact/expert witnesses that are exempt from being required to submit a comprehensive report required under Rule 26(a)(2)(B), these hybrid fact/expert witnesses still must be disclosed pursuant to Rule 26(a)(2)(A).  Further, pursuant to Rule 26(a)(2)(C), these hybrid witnesses must also provide a "summary of facts and opinions to which the witness is expected to testify."  Fed.R.Civ.P.26(a)(2)(C); MD R USDCT CIV Rule 104. Ace American failed to do so.  The only information that Ace American disclosed regarding the treating physicians was their identity and an address.  (Pls.' Resp. Opp'n, Ex. B).  Thus, Ace American's Rule 26(a)(2) disclosures were incomplete because they failed to comply with Rule 26(a)(2)(C).

3. The  Untimely and Incomplete Nature of Ace American's Rule 26(a)(2) Disclosures Are Substantially Justified or Harmless under Rule 37(c)(1)

Although Ace American's Rule 26 (a)(2) disclosures were untimely and in non-compliance, and arguably rendered McDonald's unable to "comply with its own Rule 26(a)(2) disclosure

requirements," (Def.'s Mot. Strike ¶ 7), the Court denies McDonald's Motion to Strike Ace American's Rule 26(a)(2) Disclosures because the delay and incompleteness are substantially justified or harmless under Rule 37 (c)(1).

Federal Rule of Civil Procedure 37(c)(1) governs the failure to make disclosures. See Fed.R.Civ.P.37. If a party provides untimely or inadequate expert disclosures, Rule 37(c)(1) states that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P.37(c)(1); Fields, 2012 WL 1792639 at *2. On motion, the Court may choose to additionally or alternatively "(A) . . . order payment of the reasonable expenses, including attorney's fees, caused by the failure; (B) . . . inform the jury of the party's failure; and (C) . . . impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed.R.Civ.P.37(c)(1)(A)-(C).

The Fourth Circuit has held that district courts have broad discretion and should consider the following factors when determining whether the nondisclosure of evidence is substantially justified or harmless under Rule 37(c)(1):

(1) the surprise to the party against whom the
evidence would be offered; (2) the ability of that
party to cure the surprise; (3) the extent to which
allowing the evidence would disrupt the trial; (4) the
importance of the evidence; and (5) the nondisclosing
party's explanation for its failure to disclose the
evidence.

Southern States, 318 F.3d at 597.

The purpose of Rule 37(c)(1) is to prevent a party from surprising and, thus, prejudicing the opposing party. Southern States, 318 F.3d at 596. Hence, the Fourth Circuit's test "does not require a finding of bad faith or callous disregard of the discovery rules." Id. Bad faith, however, may be "relevant to the fifth factor." Id. at 598.

Furthermore, Rule 26(e) requires that disclosures made under Rule 26(a) must be timely supplemented if a party learns that "the disclosure or response is incomplete or incorrect . . . or as ordered by the court." Fed.R.Civ.P. 26(e).

In this case, the Southern States factors weigh against striking Ace American's Rule 26(a)(2) disclosures. Regarding the first two factors, the issue of surprise and ability to cure the surprise, the litigation is in an early stage. The discovery deadline is not until July 27, 2012. (See ECF No. 10). Hence, no surprise will occur if, pursuant to Rule 26(e), Ace American supplements its Rule 26(a)(2)(C) disclosures to conform with this Court's Order. Regarding the third factor, no trial date has been set yet, so the issue of trial disruption

can be avoided if a supplemental Rule 26(a)(2)(C) disclosure is timely filed pursuant to Rule 26(e).  Likewise, even though a settlement conference is scheduled for August 27, 2012, a timely filed supplemental Rule 26(a)(2)(C) disclosure is unlikely to disrupt those proceedings.  Regarding factor four, Ace American's Rule 26(a)(2) disclosures are essential to Ace American's case.  Since Ace American decided not to retain a liability expert and instead included all of Ms. Hines' treating physicians on Ace American's Rule 26(a)(2) disclosure, the information to which Ms. Hines' treating physicians would likely testify is critical.  These treating physicians, therefore, should be allowed to testify.[1]  Finally, regarding the fifth factor, Ace American's explanation for failing to disclose the requisite information was that Ace American believed it did comply with the disclosures under Rule 26(a)(2) based on their understanding of the requirements. It is clear that Ace American did not understand the requirements under Rule 26 (a)(2)(C) and Local Rule 104.10.  This is not uncommon; Rule 26 disclosures have been a "trap for the unwary" for quite some time.  See Sullivan, 175 F.R.D. at 500-01 (noting that the distinction between hybrid witnesses and a retained expert is "often

---

[1] The Court will only permit Ms. Hines' treating physicians to function as hybrid fact/expert witnesses, as disclosed by Ace American, meaning that these treating physicians may only base their opinions on "information learned during the actual treatment of the patient . . . ." Sullivan, 175 F.R.D. at 501.

overlooked in practice"). In this case, there is sufficient time to supplement the Rule 26(a)(2) disclosures. Accordingly, McDonald's Motion to Strike Plaintiffs' Rule 26(a)(2) Disclosures is denied because the Fourth Circuit's Rule 37 balancing test weighs in favor of a finding that the failed disclosure is harmless.

## III. CONCLUSION

For the foregoing reasons, this Court denies McDonald's Motion to Strike Ace American's Rule 26(a)(2) Disclosures. Further, pursuant to Rule 26(e), this Court orders Ace American to timely file an appropriate supplemental Rule 26(a)(2)(C) disclosure consistent with the Rule within seven days of this order. McDonald's shall file a motion for extension of time, if necessary, in order to file its Rule 26 disclosures within seven days of receipt of the supplement by Plaintiff Ace American. Accordingly, it is hereby

ORDERED that Defendant's Motion to Strike Plaintiff's Rule 26(a)(2) Disclosures is DENIED.


Entered this 28th day of June, 2012



                              _____/s/_____
                              George L. Russell, III
                              United States District Judge